A. J. LAMB, Appellant,

v.

The STATE of Texas, Appellee.

No. 39844.

Court of Criminal Appeals of Texas.

Nov. 16, 1966.

Rehearing Denied Dec. 31, 1966.

James F. Moore, Lubbock, for appellant.

Fred E. West, County Atty., Wm. Quinn Brackett and Carson Smith, Asst. Dist. Attys., Lubbock, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Commissioner.

Upon a trial before the court after a waiver of a jury, and a plea of not guilty, the appellant was convicted for driving while intoxicated and his punishment was assessed at a fine of $150 and three days in jail.

Notice of appeal was given February 4, 1966.

As a ground of error assigned in his brief filed in the trial court, the appellant urges that the evidence is insufficient to support the conviction.

C. R. Andrews, a Texas highway patrolman, testified that while parked about 2½ miles south of Lubbock he saw a pickup driven onto the highway; that he followed the pickup about ½ mile during which time it was driven across the center line and was weaving back and forth until he stopped it by the use of the red light and siren and that the appellant was the person driving the pickup; that he found one one-half pint bottle of Champion Bourbon, two cans of beer, and a paper cup partially filled with alcohol in the pickup; that he had occasion to observe the appellant's manner of driving, his actions, conduct, and speech at the scene, and smelled a strong odor of alcoholic beverage "from" him; that he had had many opportunities during his adult life and as an officer, including eight years with the highway patrol, to observe persons that were intoxicated; that based on his experience and observation of the appellant at the time the pickup was stopped, he expressed the opinion that the appellant was then intoxicated.

Testifying in his own behalf, the appellant denied that he was intoxicated; but admitted that he drank two cans of beer about three hours before as he began a 100 mile return trip from Midland to his home near Lubbock, and also said he never drank any more beverage before he was stopped south of Lubbock; that the bourbon, beer, and paper cup offered by the state were never in the pickup and did not belong to him but that he saw similar articles in the patrol car; that due to physical disability he had some difficulty in walking; that a defect in the steering gear caused the pickup not to operate properly. A companion and a mechanic corroborated the testimony of the appellant.

By formal bill of exception the appellant seeks a reversal on the ground that prior to the commencement of the trial, the court failed to arraign the appellant.

The trial was had on January 14, 1966, and the sentence was pronounced on January 28, 1966.

The bill shows that previous to January 1, 1966, the appellant with his attorney appeared in open court in this cause, answered that his name was A. J. Lamb, the same name under which he is charged and was tried, and announced that, "We waive all formalities."

Art. 26.01 Vernon's Ann.C.C.P., provides that, "In all felony cases, after indictment, and all misdemeanor cases punishable by imprisonment, there shall be an arraignment."

■ The purpose of an arraignment is to determine the identity and the plea of the person charged, and whether he is indigent.

The judgment recites in part that the appellant having been duly arraigned, appeared and announced ready for trial.

■ The procedure for arraignment had in fact been followed before the commencement of the trial, although the statute providing therefor was not then in effect. Art. 26.02 C.C.P. The time of the arraignment in view of the fact that it was had before the commencement of the trial, and the waiver in open court of all formalities reveals no error. Art. 26.03 C.C.P.

Reversal is sought on the ground that the appellant did not waive a trial by jury in writing and consent in writing to be tried before the court.

The formal bill recites that a jury was orally waived and the case went to trial without objection.

The judgment recites that when this cause was called for trial, both parties appeared and announced ready for trial and a jury being waived the case was tried before the court.

■ No requirement is found in the Code of Criminal Procedure that the waiver of a jury in the trial of a misdemeanor case be in writing. Although the right of trial by jury shall remain inviolate, the defendant in a criminal prosecution for any offense may waive any rights secured him by law except the right of trial by jury in a capital felony case in which the state has made known in open court in writing at least 15 days prior to trial that it will seek the death penalty. Arts. 1.12 and 1.14, C.C.P. No error is presented.

Error is urged on the ground that the evidence of the chain of custody of the state's exhibits, to wit: one one-half pint of Champion Bourbon, two cans of beer, and a paper cup was insufficient to permit their introduction into evidence.

Officer Andrews testified in part as follows:

"Q In the conservation of time, Andy, just referring to all four things, I have set in front of you at this time, can you identify them?

"A Yes, sir, I can.

"Q And what are they, please?

"A Well, sir, there's a Coors paper cup, a half pint of Champion Bourbon whiskey, two cans of Schlitz beer.

\* \* \* \* \* \*

"Q Where have you seen them before?

"A They were in the Chevrolet pickup driven by Mr. Lamb the night I arrested him.

"Q How do you know these are the same ones that were in there?

"A Because I have marked these items as part of the physical evidence that night.

"Q And that is your markings on there, you can definitely identify those as your markings?

"A Yes, sir.

\* \* \* \* \* \*

"A I placed them in the patrol car, I kept them in my possession, took them to my office, placed them under lock and key there. I have a locker where I keep all my evidence in, I keep it locked up.

\* \* \* \* \* \*

"Q All right. Now, are they in the same condition now as they were at the time you seized them?

"A No, sir, the only difference was this cup was approximately one-third full of some alcoholic beverage that night and I poured it out.

"Q Other than that, they are in the same condition as they were at the time that you seized them?

"A Yes, sir."

 The testimony of Officer Andrews sufficiently identified the four state's exhibits to authorize their admission in evidence.

It is insisted that there is no statutory provision for the trial court to pronounce sentence in a misdemeanor case where the court heard the evidence after a plea of not guilty.

 After the waiver of a jury, the trial was before the court. The offense charged provided for punishment by imprisonment. Upon the judgment of conviction the court was authorized to pronounce sentence. Art. 42.02 and 42.03 C. C.P.

The judgment is affirmed.

Opinion approved by the court.