**Jorge SCHULTZE, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–81–052–CR.**

Court of Appeals of Texas, Corpus Christi.

Nov. 12, 1981.

Discretionary Review Refused Jan. 20, 1982.

James R. Lawrence, Corpus Christi, for appellant.

Michael J. Westergren, County Atty., Abe Factor, Asst. County Atty., Corpus Christi, for appellee.

Before NYE, C. J., and UTTER and KENNEDY, JJ.

OPINION

UTTER, Justice.

This is an appeal from a conviction for Class B. misdemeanor theft.

The trial court suspended appellant's punishment of 30 days and a $100 fine and placed him on probation for a period of 6 months.

The prosecution is based on evidence showing appellant stole an eight-dollar automobile compass from the merchandise of a Sears store.

In his first ground of error appellant contends that he was deprived of his right to trial by jury because his waiver of jury trial was not in writing as required by Art. 1.13, V.A.C.C.P. This statute does not apply to misdemeanor cases. *Ex parte Ross*, 522 S.W.2d 214, 222–223 (Tex.Cr.App.1975); *Lamb v. State*, 409 S.W.2d 418 (Tex.Cr.App. 1966).

In ground of error two, appellant contends that he was denied effective assistance of counsel when his retained lawyer failed to file a motion to set aside the information on the ground that the prosecution was not ready for trial within 60 days of commencement of his case. Art. 32A.02, Sec. 1(3), V.A.C.C.P. The information was filed on May 23, 1978. The speedy trial statute became effective on July 1, 1978. *Wade v. State*, 572 S.W.2d 533 (Tex.Cr.App. 1978). The 60th day after July 1, 1978, was August 30, 1978. The case was set for trial

on September 7, 1978. At the hearing on the Motion for New Trial appellant's trial counsel testified that the State had announced ready for trial on September 7, 1978. He further testified that he filed a motion for continuance because appellant was absent from the State. This fact was not denied by appellant. No attempt was made by appellant on the Motion for New Trial to show that the prosecution was not ready for trial within the sixty-day period. *Fraire v. State*, 588 S.W.2d 789 (Tex.Cr. App.1979).

The cause was subsequently set for trial on October 19, 1978. Appellant and the State both announced ready for trial. The case was not reached at that time. The case was reset once again. On this trial date the State and counsel for appellant both announced ready and trial was had at that time. Thus, it appears from the record that each and every time the case was set for trial the State announced ready for trial.

As stated in *Barfield v. State*, 586 S.W.2d 538 (Tex.Cr.App.1979):

"... we construe and hold that the threshold standard for dismissal under Art. 32A.02, Sec. 1, supra, i.e., 'the state is not ready for trial,' refers to the preparedness of the prosecution for trial, and does not encompass the trial court and its docket."

There being no delay attributable to the prosecution, trial counsel would have no grounds to request a dismissal of the prosecution under Art. 32A.02, supra. His failure to do so could not be considered as ineffective assistance of counsel. *Ex parte Wilson*, 577 S.W.2d 739 (Tex.Cr.App.1979); *Powers v. State*, 492 S.W.2d 274 (Tex.Cr. App.1973); *Boles v. State*, 598 S.W.2d 274 (Tex.Cr.App.1980).

█ In ground of error three, appellant contends that the testimony of Charles Tines, the store merchandise manager, was insufficient to show him to be the owner of the compass. To the question "At the time did you have the care, control and custody of the property?" Tines answered "Yes, as the Staff man in charge of the store." At

the time of this testimony, Tines was referring to the stolen compass which had been presented to him as State's Exhibit 1. This testimony was sufficient to prove Tines the owner of the compass. *Harriford v. State*, 487 S.W.2d 351, 352 (Tex.Cr.App.1972); *Saenz v. State*, 275 S.W.2d 497, 498 (Tex.Cr. App.1955).

In his fourth ground of error appellant contends the evidence is insufficient to prove that he intended to deprive the owner of the property. While working off duty as a security guard in the store, police officer Floyd Bieniek encountered appellant in the automotive department. He observed appellant take possession of an automobile compass that was on display and handle it suspiciously. Appellant removed the compass from its wrapper, walked to another part of the automotive department, and disposed of the wrapper. He held the compass in his hand a few minutes and then slipped it into the right-hand pocket of his coat. He then went to the hardware department of the store which was a considerable distance from the automotive department. There he gathered up other items of merchandise and purchased them with a credit card which he obtained from the right-hand pocket of his coat. He did not pay for the compass. Appellant then left the store. He was arrested shortly thereafter in the store parking lot by Officer Bieniek. Viewing the evidence in a light most favorable to the verdict, we find it sufficient to prove appellant's unlawful intent. *Gant v. State*, 606 S.W.2d 867, 870 (Tex.Cr.App.1980).

All of appellant's grounds of error are overruled. The judgment of the trial court is affirmed.