**John Lee SHEFFIELD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 3-82-120-CR and 3-82-121-CR.**

Court of Appeals of Texas, Austin.

March 3, 1983.

Charles W. Schiesser, Austin, Appointed, for appellant.

Margaret Moore, County Atty., Edward H. Moore, Jr., Asst. County Atty., Austin, for appellee.

Before PHILLIPS, Chief Justice, and EARL W. SMITH and BRADY, JJ.

BRADY, Justice.

Appellant, John Lee Sheffield, appeals from judgments of conviction entered after a bench trial in the County Court at Law Number Two of Travis County for theft and possession of less than two ounces of marijuana, both Class B misdemeanors. Appellant was assessed punishment at 45 days in jail plus court costs in both cases. We will consider both cases together.

Appellant has filed three briefs. Two raise the same ground of error in each cause—that the appellant's warrantless arrest and search was unlawful. The third applies to both causes and raises a supplemental ground of error in which it is argued that the trial court committed fundamental error by convicting appellant in a bench trial without a waiver of appellant's right to a jury trial.

On December 2, 1981, two eleven year veterans of the University of Texas police force received a broadcast over their walkie-talkies that a suspicious subject thought to have been involved in a theft on the

previous day at the same location had been seen at the Sid Richardson complex. Both officers observed a person fitting the transmitted description coming from the direction of the complex and entering another building. One of the officers testified that he saw appellant exit the building at a "very rapid pace," and also that he noticed a wallet and some dollar bills in appellant's right hand. The other officer observed appellant walking "at a pretty fast clip" and at the same time going through a ladies' wallet. Appellant was told to "hold up" by the officers. Appellant then took the wallet and laid it alongside his right thigh with his right hand, as if to conceal it. One of the officers asked appellant if he was the owner of the wallet, and he replied that he had found it in the grass. Appellant was then arrested. The wallet contained five dollars and appellant had another fourteen dollars in his hand at arrest. At police headquarters, a search of appellant also revealed that he was in possession of a usable amount of marijuana.

■■■ Appellant's argument that the trial court erred in admitting over his objection evidence obtained by the "unlawful arrest and search of appellant's person" is without merit. A police officer may make an investigatory stop without probable cause for arrest where he has specific and articulable facts which in the light of his experience and general knowledge reasonably warrant such a stop. *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed. 889 (1968); *Thompson v. State,* 533 S.W.2d 825 (Tex.Cr.App.1976); *Baity v. State,* 455 S.W.2d 305 (Tex.Cr.App.1970). A warrantless arrest, on the other hand, will be authorized under Article 14.03(a) of the Texas Code of Criminal Procedure if a person is found in a suspicious place and under circumstances which reasonably show that such person has been guilty of some crime. *Hamel v. State,* 582 S.W.2d 424 (Tex.Cr. App.1979); *Thompson v. State, supra; Hunnicutt v. State,* 531 S.W.2d 618 (Tex.Cr. App.1976).

■■■ Appellant's actions prior to the officers' investigatory stop when combined with the officers' knowledge of a theft in the area the previous day by a man matching appellant's description constituted specific and articulable facts which in light of the officers' experience and general knowledge justified the investigatory stop—if the officers' information was not sufficient enough at this time to constitute probable cause for arrest. And when this information is added to appellant's denial of ownership of the wallet and his claim that he "found it," the officers unquestionably had probable cause to arrest appellant under art. 14.03(a). *Cf., Baity v. State, supra.* None of the cases cited by appellant are in point. Because the stop and arrest were lawful, the wallet, the money and the marijuana were properly admitted into evidence at the trial.

■■■ The appellant also argues in his supplemental brief that in both causes the record fails to reflect that appellant waived his right to a jury trial. The defendant in a misdemeanor case has the same right to a trial by jury as a defendant charged with a felony. *Franklin v. State,* 576 S.W.2d 621 (Tex.Cr.App.1978). However, unlike felony cases, waiver of a jury trial is not governed by statute and does not have to be in writing. *Compare Lamb v. State,* 409 S.W.2d 418 (Tex.Cr.App.1966) (Code of Criminal Procedure does not require written waiver of jury trial in misdemeanor cases) *with* Tex.Code Cr.P.Ann. art. 1.13 (1977) (waiver of trial by jury) *and* Tex.Code Cr.P.Ann. art. 1.14 (1977) (waiver of rights). The question remains as to what constitutes an express waiver in a misdemeanor case. No doubt the best practice would be to use the same method as art. 1.13 requires in noncapital felony cases. *Taylor v. State,* 419 S.W.2d 647 (Tex.Cr.App.1967). At the very minimum, the record must affirmatively show that the defendant expressly waived his right to a jury trial. *Samudio v. State,* 648 So.2d 312 (Tex.Cr.App.1983). In the two causes before us, unlike the one

before the Court of Criminal Appeals in *Samudio,* the records are not silent on the issue of waiver because both judgments recite "the defendant ... having been duly arraigned pleaded not guilty to the information herein *waived a jury trail,* and submitted this cause to the court." (Emphasis added). We therefore hold that in a misdemeanor case, where there is no evidence in the record to the contrary, a judgment which affirmatively recites that appellant has waived his right to a jury trial is sufficient to show that appellant expressly waived this right.

The judgments of conviction in both cases are affirmed.