**Robert Walter BEARDEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 08–86–00080–CR.

Court of Appeals of Texas, El Paso.

Jan. 21, 1987.

Aubrey Edwards, Big Lake, for appellant.

Robert E. Motsenbocker, Co. Atty., Rankin, for appellee.

Before OSBORN, C.J., and SCHULTE and FULLER, JJ.

## OPINION

FULLER, Justice.

Appellant appeals, having been convicted by a jury of misdemeanor possession of marihuana and sentenced to jail for ninety days and a fine of $500.00. We affirm the conviction.

Point of Error No. One claims the evidence was insufficient to sustain a conviction. Point of Error No. Two complains of the failure of the State to introduce into evidence the marihuana.

There was an oral stipulation offered by the State and agreed to by the defendant as follows:

> That the substance that was found by the officer on the occasion in question, was, in fact, marihuana, and that it had a net weight of .34 grams or .01 ounces.

Appellant's defense was based entirely on the fact the marihuana was not his. He does not deny the stipulation, but now contends that the stipulation does not comply with the requirements of Tex.Code Crim.

Pro.Ann. art. 1.15, in that it was not in writing.

Article 1.15 only refers to felony cases less than capital. It makes no mention of misdemeanors, but it does refer to Tex. Code Crim.Pro.Ann. art. 1.13, which applies to waiver of jury trial and sets forth the same requirements of Article 1.15 as to being in writing and signed by the defendant and approved by the trial court. It has been consistently held that Article 1.13 does not apply to misdemeanors and the waiver of trial by jury does not have to be in writing. *Schultze v. State*, 626 S.W.2d 89 (Tex.App.—Corpus Christi 1981, PDRR); *Lamb v. State*, 409 S.W.2d 418 (Tex.Crim. App.1966).

We therefore hold that Tex.Code Crim.Pro.Ann. art. 1.15 does not apply to misdemeanor cases. Even excluding the stipulation, we find that the deputy sheriff's testimony was sufficient to sustain the conviction. He had seventeen years in law enforcement with 600 hours of law enforcement training. He was experienced in drug cases and drug detection and testified, without objection, that the substance was marihuana and that .34 grams found was a usable amount of marihuana. *Curtis v. State*, 548 S.W.2d 57 (Tex.Crim.App. 1977). Points of Error Nos. One and Two are overruled.

Point of Error No. Three complains of the argument by the district attorney to the jury whereby he asked the county to take a hard stand on drugs. This is a valid plea for law enforcement. Appellant made no objection at trial when the argument was made, and thereby waived his right to complain on appeal. *Sanchez v. State*, 589 S.W.2d 422 (Tex.Crim.App.1979).

The judgment of conviction is affirmed.