John Edwin MARTIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–87–00234–CR.

Court of Appeals of Texas,
Dallas.

Jan. 12, 1988.
Discretionary Review Refused
April 27, 1988.

John H. Hagler, Dallas, for appellant.

Kathi Alyce Drew, Dallas, for appellee.

Before DEVANY, LAGARDE and THOMAS, JJ.

THOMAS, Justice.

John Edwin Martin was convicted of driving while intoxicated, a misdemeanor. Punishment was assessed at sixty days' confinement and a $200.00 fine, probated. In his sole point of error, appellant contends that an oral stipulation cannot be considered as evidence in support of the conviction. Because we conclude that oral consents to stipulations are not prohibited in misdemeanor cases, we affirm appellant's conviction.

During the trial before the court, appellant orally agreed to a stipulation of facts read into the record by the State. Relying upon article 1.15 of the Code of Criminal Procedure, appellant contends that the stipulation must be agreed to in writing. That statute provides:

No person can be convicted of a *felony* except upon the verdict of a jury duly rendered and recorded, unless in felony cases less than capital, the defendant, upon entering a plea, has in open court in person waived his right of trial by jury in writing in accordance with Article 1.13 and 1.14; provided, however, that it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to

**412**

support the same. The *evidence may be stipulated if the defendant in such case consents in writing,* in open court, to waive the appearance, confrontation, and cross-examination of witnesses, *and further consents either to an oral stipulation of the evidence* and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause.

TEX.CODE CRIM.PROC.ANN. art. 1.15 (Vernon 1977) (emphasis added).

The statute on its face refers to felony cases only. The El Paso Court of Appeals has held that the statute does not apply to misdemeanor cases. *Bearden v. State,* 723 S.W.2d 810, 811 (Tex.App.—El Paso 1987, no pet.). Appellant argues, however, that the statute consists of two discrete portions, and that the second portion, dealing with the procedure for stipulating evidence, does not refer specifically to felonies. We are not permitted such neat subdivision when construing a statute. Instead, we must read the statute as a whole. *Thomas v. State,* 144 Tex.Crim. 533, 164 S.W.2d 852, 855 (1942).

The statute provides for a jury verdict in felony cases, unless the accused waives his right to a jury trial. Even in a non-jury felony trial, however, the State must present sufficient evidence of guilt. That evidence—clearly referring to the evidence in the aforementioned felony case—can consist of oral stipulations if the defendant agrees in writing. Thus, when the statute is read as a whole, it is clear that the entire statute relates to felony cases only.

In deciding this issue, our sister court noted the similarities between article 1.15, which we construe in the instant case, and article 1.13, which has been interpreted by the Court of Criminal Appeals. The El Paso court stated:

Article 1.15 only refers to felony cases less than capital. It makes no mention of misdemeanors, but it does refer to

Tex.Code Crim.Pro.Ann. art. 1.13, which applies to waiver of jury trial and sets forth the same requirements of Article 1.15 as to being in writing and signed by the defendant and approved by the trial court. It has been consistently held that Article 1.13 does not apply to misdemeanors and the waiver of trial by jury does not have to be in writing. *Schultze v. State,* 626 S.W.2d 89 (Tex.App.—Corpus Christi 1981, PDRR); *Lamb v. State,* 409 S.W.2d 418 (Tex.Crim.App.1966).

*Bearden,* 723 S.W.2d at 811. *See also Ex parte Ross,* 522 S.W.2d 214, 222–23 (Tex. Crim.App.1975).

■ We, therefore, hold that article 1.15 of the Code of Criminal Procedure does not apply to misdemeanor cases. We find no statutory or common law authority requiring consent to a stipulation in a misdemeanor case to be in writing. Thus, we overrule appellant's single point of error and affirm the judgment of the trial court.