Lee-ST v. State 






NO. 10-88-205-CR

IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

          SCOTT TYLER LEE,
                                                                                            Appellant
          v.

          THE STATE OF TEXAS,
                                                                                            Appellee

* * * * * * * * * * * * *

 From County Court at Law No. 1
Brazos County, Texas
Trial Court # 357-87

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
          In this case the Appellant, Scott Tyler Lee, was charged by an amended information with
the offense of driving a motor vehicle while intoxicated with one prior conviction alleged, to
which Appellant entered a plea of not guilty. Trial was had before the court without a jury,
whereupon the trial court found the Appellant guilty and assessed his punishment at a fine of
$500.00 and one year in jail, with both the fine and jail time being probated for two years, with
the imposition of sentence being suspended pending Appellant's good behavior. Court costs were
assessed against the Appellant.
          Appellant comes to this court upon one point of error, wherein he asserts the trial court
erred in trying Appellant without Appellant having waived a jury either orally or in writing. We
respectfully overrule Appellant's point of error and affirm the trial court's judgment.
          On March 26, 1987, the Appellant and his attorney signed and filed an instrument entitled,
"Waiver of Arraignment, Plea of Not Guilty, and Request for Bench/Jury Trial." The word
"Jury" was deleted as herein shown. Likewise, in the body of the instrument itself, the Appellant
requested that the case "be set on the docket for a jury/bench trial." 
          Thereafter on April 17, 1987, Appellant's attorney signed for himself and for Appellant
another instrument wherein Appellant announced ready for "jury/bench trial." Here again the
word "jury" was deleted. At the top of this second instrument, beside the title of said instrument
was recited, "Waiver of Arraignment, Plea of Not Guilty, and Request for Bench/Jury Trial." 
Here the trial court wrote, "Bench Trial, CDD," same being the trial court's initials. The trial of
the case took place on August 1, 1988, as well as the signing by the trial court of the judgment
appealed from.
          We are of the opinion and hold that the two written instruments hereinabove described,
both of which are a part of the record before us, are sufficient to constitute a waiver of trial by
jury on the part of the Appellant.
          Aside and apart from the foregoing, we believe this case should be affirmed for an
additional reason: Article 1.13 of the Code of Criminal Procedure provides in essence that in a
felony less than capital the defendant has the right to waive his right to trial by jury provided such
waiver is made in person by the defendant in writing in open court with the consent and approval
of the court and the State's attorney.
          However, in the case before us, Appellant is charged with driving while intoxicated with
one previous conviction, which means that Appellant is charged with a misdemeanor. Guinn v.
State (Houston 14th CA 1985) 696 S.W.2d 436, PDR refused. This being the case, we must point
out that our Court of Criminal Appeals has held that in a misdemeanor case, waiver of jury trial
in writing is not necessary, and that an oral waiver of the right to trial by jury is sufficient. Lamb
v. State (Tex.Cr.App. 1966) 409 S.W.2d 418 at p. 420; Samudio v. State (Tex.Cr.App. 1983) 648
S.W.2d 312.
          The record before us contains only a partial statement of facts. In the absence of a
complete statement of facts, we must presume that the record supports the judgment.
          Judgment of the trial court is affirmed.

                                                                                 JOHN A. JAMES, JR.
                                                                                 Justice (Retired)

Before Chief Justice Thomas,
          Chief Justice McDonald (Retired)
          and Justice James (Retired)
Affirmed
Opinion delivered and filed January 24, 1991 
Do not publish