The STATE of Texas ex rel. Tim CUR-
RY, Criminal District Attorney of
Tarrant County, Relator,

v.

The Honorable Brent A. CARR, Judge
of County Criminal Court No. 9,
Tarrant County, Respondent.

No. 71514.

Court of Criminal Appeals of Texas,
En Banc.

Oct. 14, 1992.

Rehearing Denied Feb. 24, 1993.

Dissenting Opinion of Judge Miller
to Denial of Rehearing Feb. 24, 1993.

Tim Curry, Fort Worth, for relator.

OPINION

PER CURIAM.

This is an original action brought by the Honorable Tim Curry, Criminal District Attorney of Tarrant County, seeking a writ of mandamus directing the Honorable Brent A. Carr, Judge of County Criminal Court No. 9 of Tarrant County, to empanel a jury and prohibiting until then the entry of a judgment in Cause No. 458869 styled the State of Texas v. Dara Stephenson.[1]

The record reflects that on September 11, 1992, Stephenson, expressed her desire to waive trial by jury. The State refused to consent to the jury waiver and relied on Art. 1.13(a), V.A.C.C.P., which provides in part:

(a) The defendant in a criminal prosecution for any offense other than a capital felony case in which the State notifies the court and the defendant that it will seek the death penalty shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that such waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State. The consent and approval by the court shall be entered of record on the minutes of the court, and the consent and approval of the attorney representing the State shall be in writing, signed by him, and filed in the papers of the cause before the defendant enters his plea.

The Respondent trial judge entered an order denying the State's request that the case be tried before a jury and indicated his intent to set the case for a trial before the court. He further stated:

The court is of the opinion that the State is not entitled to request a jury trial in this case and will at this time deny and will forever deny until ordered by another authority that the State—as long as Mr. Taylor (defense counsel) seeks to have this heard without a jury, the court will deny the State the right to a jury

---

1. Stephenson stands charged with the misde- meanor offense of driving while intoxicated.

trial unless ordered by a supervening (sic) court.

In *State ex rel Turner v. McDonald,* 676 S.W.2d 371 (Tex.Cr.App.1984), this Court granted mandamus relief under circumstances similar to those now presented. There, it was held a district judge did not have the discretion to serve as a factfinder in the trial of a felony case absent the consent and approval of the State to the defendant's jury waiver as prescribed by Art. 1.13, supra. Absent consent and approval of the jury waiver by the State, the district judge had a ministerial duty to conduct a jury trial on the issue of guilt or innocence.

At the time of this Court's opinion in *McDonald,* the necessity for the State's consent and approval of a jury waiver extended only to a "felony less than capital." On September 1, 1991, Art. 1.13(a), supra, was amended to apply to "any offense other than a capital felony in which the State notifies the court and the defendant that it will seek the death penalty."[2]

We hold Respondent does not have the discretion to serve as a factfinder in the trial of a misdemeanor case absent the consent and approval of the State as prescribed by Art. 1.13(a), supra, to the accused's waiver of jury trial. Under the circumstances presented, Respondent has a ministerial duty to conduct a jury trial.

Consequently, we hold Relator is entitled to a writ of mandamus directing Respondent to set aside his order denying the State's request that the case be tried before a jury. However, as is customary with this Court, we will withhold the issuance of the writ at this time. Instead, we will accord the Respondent the opportunity to conform his actions to this opinion. Only if such action is not taken, will the writ of mandamus and prohibition issue.

## ON RESPONDENT'S MOTION FOR REHEARING

Rehearing denied.

## DISSENTING OPINION TO DENIAL OF RESPONDENT'S MOTION FOR REHEARING

[Filed Feb. 24, 1992.]

MILLER, Judge.

This original action was brought by Tim Curry, Criminal District Attorney of Tarrant County, to obtain a writ of mandamus directing the Honorable Brent A. Carr, Judge of County Criminal Court No. 9 of Tarrant County, to empanel a jury and prohibiting until then the entry of a judgment in Cause No. 458869, styled the State of Texas v. Dara Stephenson.[1] This Court found that the relator was entitled to a writ of mandamus and stated that one would issue if Judge Carr did not empanel a jury. See page 561. The Court reasoned that recent amendments to Article 1.13(a), V.A.C.C.P.[2], required the approval of the State before a defendant could waive the right to jury trial in misdemeanor cases. After extensively researching the legislative history, I believe the Court erred in conditionally granting mandamus relief. My research reveals that the legislature *never* intended to give the State the power

---

2. Amended by Acts 1991, 72nd Leg., Chap. 652, Sec. 1, effective September 1, 1991.

1. Dara Stephenson is charged with driving while intoxicated, a misdemeanor offense.

2. Article 1.13, as amended on September 1, 1991, provides in part:
    (a) The defendant in a criminal prosecution for any offense other than a capital felony case in which the State notifies the court and the defendant that it will seek the death penalty shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that such waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State. The consent and approval by the court shall be entered of record on the minutes of the court, and the consent and approval of the attorney representing the State shall be in writing, signed by him, and filed in the papers of the cause before the defendant enters his plea.
    TEX.CODE CRIM.PROC.ANN. art. 1.13 (Supp.1992). Prior to September 1, 1991, the statute stated that State consent and approval to a waiver of jury trial was only required for a "felony less than capital." TEX.CODE CRIM.PROC.ANN. art. 1.13 (Vernon 1977).

to force a jury trial in a misdemeanor case when it amended Article 1.13(a). Therefore, this Court reached the wrong conclusion on original submission, and I vehemently dissent to this Court's denial of respondent's motion for rehearing.

### The 1991 Legislative History

Nothing in the legislative history of amended Art. 1.13(a) indicates it was applicable to misdemeanor offenses.[3] Indeed, four parts of its history show that the legislature in fact did not intend this result.[4] First, the title of House Bill 9 (HB 9) (the bill containing the amendments to Art. 1.13, V.A.C.C.P.) sets out in explicit language its function and applicability, *viz:* "A bill to be entitled an act relating to the waiver of a jury trial for a person charged with a *capital offense* and to the punishment, sentencing, and availability of parole for a person convicted of a *capital offense.*" (Emphasis added). During hearings on HB 9, the legislators' formal introductions of the bill reiterated this stated legislative purpose, that it was a bill about the waiver of jury trials in capital cases.[5] On May 6 and May 7 of 1991, prior to proceedings on the House floor about HB 9, the *Clerk of the House* of Representatives *introduced* the bill as "relating to the waiver of a jury trial for a person charged with a *capital offense* and to the punishment, sentencing, and availability of parole for a person convicted of a *capital offense.*" (Emphasis added). On May 16, at a public hearing of the Senate Committee on Criminal Justice, Senator Lyon introduced the bill as one that "relates to the waiver of a jury trial for a person charged with a *capital offense.*" (Emphasis added). And on May 25, Representative McCullogh, speaking on the House floor, summarized the bill as one that "relates to the sentencing procedures and the punishment in a *capital murder* case where you have a life sentence." (Emphasis added). At no time was HB 9 ever introduced as a bill about the waiver of a jury trial in misdemeanor cases.

Second, as Representative Place introduced a *floor substitute* [6] for HB 9 on May 6, 1991, he argued that the purpose of the waiver provision was to increase the number of cases the State can try without the inconvenience and expense of empaneling a jury:

> The early sections of floor substitute in House Bill removes [sic] the mandatory jury trial requirement in a *capital murder* case where the State does not seek the death penalty. It also allows capital murder defendants in that instance to be treated as capital murder defendants and therefore you're not forcing the State to have a forced reduction of a murder case or of a capital murder case to some lesser charge. The floor substitute does not in any way change the State's ability to

---

**3.** By ignoring the legislative history of this statute because the statute is "unambiguous," the majority once again is "considering the cart before the horse." *See Boykin v. State,* 818 S.W.2d 782, 789 (Tex.Crim.App.1991) (Miller, J., dissenting). As this Court has learned numerous times now, ambiguity in a statute often does not appear until the legislative history of the statute is examined. *See State v. Muller,* 829 S.W.2d 805, 813 (Tex.Crim.App.1992) (Miller, J., concurring); *Boykin,* 818 S.W.2d at 789–90 (Miller, J., dissenting). Moreover, the "plain language" approach to statutory interpretation, to which a majority of this Court now adheres, ignores the plain language of Section 311.023 of the Government Code, which provides in pertinent part that:

> In construing a statute, whether or not the statute is considered ambiguous on its face, a court may consider among other matters the:

> . . . . .

> (3) legislative history.

TEX.GOV.CODE § 311.023 (Vernon 1988).

**4.** While the four instances occur at different times, on all occasions the legislators are referring to the language in the statute as it is currently.

**5.** HB 9 also included amendments to numerous articles and sections in the Code of Criminal Procedure and the Penal Code, respectively. *See* fn. 9, *supra.*

**6.** This of course means that he was addressing the *entire* House who moments later voted on the bill.

seek the death penalty. It removes a very costly and unnecessary procedural mechanism many times in a case where you're not seeking the death penalty. (Emphasis added).

Representative Place's comments indicate the purpose of HB 9 was to allow the State to forgo a jury trial in a capital case in which it does not seek the death penalty and thus defray the considerable cost of empaneling a jury, and that the change in the law applied only to such cases. That is the only logical conclusion to be drawn from his comments given the prior law. Formerly, Art. 1.13 specifically addressed the defendant's conditional right to waive a jury trial "in a criminal prosecution for any offense classified *as a felony less than capital.*" By its plain language the statute did not allow waiver of a jury trial in a criminal prosecution for a *capital offense where the State does not seek the death penalty.* Former Art. 1.13 expressly forbade it. Thus, when the legislature speaks of *increasing* the number of cases *under Art. 1.13* in which a jury trial may be waived, it logically follows that the legislature is referring to the capital felony case where the State does not seek the death penalty. Moreover, Representative Place's comments also clearly indicate that HB 9 was aimed at changing procedures in capital felony cases only.

The third key part of the legislative history illuminating the intent of HB 9 occurs a few minutes after Representative Place's remarks. Representative Dutton asked several questions about the constitutionality of allowing the State to force a defendant to have a jury trial. During the course of Representative Dutton's questioning, both he and Representative Place indicated that they think the bill only applies to capital offenses:

> Dutton: I think I was just trying to make sure that in a capital case, which seems to me to be far more critical than if I'm talking about something else—
>
> Place: Yes, sir.
>
> Dutton: I couldn't figure out why we would want to do that—and particularly as we just identify only—

> Place: Okay.
>
> Dutton: —capital cases here. Because it seems to me that if the right rests with the defendant, then I think Texas is—I think all this current law stuff is unconstitutional, just that's—
>
> Place: Okay.
>
> Dutton: —my opinion.
>
> Place: Okay.
>
> Dutton: But I was trying to be sure that in a capital case, where we now say that a defendant may not waive his right to a trial by jury, at what point does that become a denial of a right to trial by jury, to the extent that we say he can't waive it. If it's the defendant's right, then it seems to me that if it's his right, he has the choice—
>
> Place: All right.
>
> Dutton: —to take it or not, right?
>
> Place: I understand. Current law also allows that the State of Texas has certain rights in that what they have found in current law is that the State of Texas has the right also to either have a jury or not in the guilt or innocence stage of a trial. And what we're doing with this bill is simply this, is that we are now putting death penalty cases—back up. *We're having capital cases where the State does not elect to seek the death penalty, we are now treating that case as all other cases under the law.*
>
> Dutton: Which is, which is to say that we let it fall back under the provision that we have in current law that permits the State to not allow a defendant to waive a right that the defendant has to start with?
>
> Place: It is a right that the defendant has, and it is also a right that the State of Texas has been determined by case law, is my understanding of it.

The representatives' references to "current law" further support the conclusion that the amendment to Art. 1.13 only applies to capital felony offenses. When the representatives spoke, it was absolutely clear that the former law was being maintained except as applied to capital felony

trials in which the State does not seek the death penalty.[7] "Current law" at the time of this floor colloquy held that waiver of a jury trial in a misdemeanor case required only a showing in the record of an intentional relinquishment or abandonment of a known right or privilege [8], with *no* requirement that the court and prosecutor consent to the waiver of the jury trial. *Samudio*, 648 S.W.2d at 314. *See also Brinson v. State*, 570 S.W.2d 937, 940 n. 6 (Tex.Crim. App. [Panel Op.] 1978) (noting that "there is no requirement" that Art. 1.13 be followed in a DWI case); *Ex parte Ross*, 522 S.W.2d 214, 223 (Tex.Crim.App.), *cert. denied* 423 U.S. 1018, 96 S.Ct. 454, 46 L.Ed.2d 390 (1975) (declining to extend Art. 1.13 to misdemeanors because "[t]his Court is not in the business of legislating"); *Bruce v. State*, 419 S.W.2d 646, 647 (Tex.Crim.App. 1967) ("[T]he district court judge was free to follow misdemeanor procedure; compliance with Art. 1.13 regarding waiver of a jury was not required after the offense was reduced to a misdemeanor."); *State v. Welch*, 810 S.W.2d 13, 16 (Tex.App.—Amar-

illo 1991, no pet.) (refusing to apply Art. 1.13 in a misdemeanor case because "[b]y its terms" it did not apply to misdemeanors); *Schultze v. State*, 626 S.W.2d 89, 89 (Tex.App.—Corpus Christi 1981, pet ref'd) ("[Article 1.13] does not apply to misdemeanor cases.").

The final relevant part of the legislative history is in the Conference Committee report on HB 9 that was introduced and filed in the Senate on May 27, 1991. The filed report has two parts: a copy of the bill showing the changes made to it by the conference committee, and a section-by-section summary of how those changes differ from the House and Senate versions. The section-by-section summary of section 1 of HB 9 (now Article 1.13(a)) notes that the House and Senate versions did not differ. The Conference Committee thus made no change, and summarized the meaning of section 1 as follows: "Allows a defendant in a *capital case* where the state is not seeking the death penalty, to waive a jury trial." (Emphasis added). Nothing about misdemeanors appears in the summary.[9]

---

**7.** Only one appellate court has had occasion to analyze the new version of Art. 1.13, and that court did not seem to think its focus had changed. The Texarkana Court of Appeals recently decided a case involving a defendant's consent to a jury of less than twelve members in a case. The court analogized the law on the waiver of a trial by jury to the situation before them involving the waiver of a trial by a jury of twelve. In deciding the applicable law, the court noted that: "In Texas courts, for an accused to waive a jury trial in a felony case, he or she must expressly waive that right in writing in open court with the consent and approval of the court and the attorney representing the State." *Bates v. State*, 843 S.W.2d 101, 103 (Tex.App.— Texarkana 1992, no pet. h.) (citing Tex.Code Crim.Proc.Ann. art. 1.13 (Vernon Supp.1992)) (emphasis added). It would be wrong to attach too much importance to this language, as the court was not faced with a misdemeanor offense *and did not have to decide the question of whether Art. 1.13(a) covered misdemeanors.* The language of *Bates*, does suggest, however, that the court of appeals did not perceive a such a change in Art. 1.13 via the 1991 amendment.

**8.** *Samudio v. State*, 648 S.W.2d 312, 314 (Tex. Crim.App.1983), *cert. denied* 462 U.S. 1132, 103 S.Ct. 3113, 77 L.Ed.2d 1368; *see also Sheffield v. State*, 647 S.W.2d 413, 415–16 (Tex.App.—Austin), *pet. ref'd* 650 S.W.2d 813 (Tex.Crim.App. 1983), (holding that a recital in a judgment that

jury trial was waived knowingly sufficiently established waiver).

**9.** A thorough and complete hearing of all the House and Senate tapes revealed that at no place in the tape-recorded legislative history of HB 9 is there any discussion of its provisions applying to waiver of a jury trial in a misdemeanor prosecution. Other recorded testimony and debate addresses either a proposed "life without parole" sentencing option or a proposed capital offense, to-wit: the murder of a child younger than six years old. The remainder of the recorded legislative history on HB 9 is purely procedural in nature.

Moreover, a copy of HB 9 from the Conference Committee Report (3rd printing) shows the amendments to the various sections of the Code of Criminal Procedure and the Penal Code which were encompassed by HB 9 and became law. Each amendment addressed the law only as to capital felonies. In the Code of Criminal Procedure, *see:* Art. 1.14(a), Art. 1.15, Art. 34.04, Art. 35.15(a) and (b), Art. 35.17(2), Art. 35.26(b), Art. 36.29(b), Art. 37.071, and Art. 42.18. In the Penal Code, *see:* § 12.31, § 19.03(c).

In total, nine legislative history tapes were obtained from the House Committee Coordinator's Office and Senate Staff Services. The tapes include recorded discussions of HB 9 during a public hearing with the Criminal Jurisprudence committee, House floor debates, a Criminal Justice committee hearing, and Senate Floor debates, and specifically include the following:

*Past Sessions' Legislative History*

Besides researching the legislative history of HB 9, I researched the "Master List of Bills" for each legislative session since 1985. The Master List of Bills is a reference book prepared each session by the Texas Legislative Council. The Council lists every bill introduced during the legislative session, the bill's sponsor, the bill's purpose, and the bill's eventual outcome. Using the subject index, I discovered that legislators have attempted innumerable times, without success, to extend the State's power to require jury trials. This Court, in its opinion in the cause *sub judice*, does for the State that which the legislature has refused to do for many sessions (and continues to refuse to do as evidenced by the legislative history of HB 9). Excerpts from the Master List of Bills will demonstrate this Court's error in this case.

In 1985, in the 69th Legislative Session, three bills were introduced relating to the waiver of a jury trial. HB 150 related to the waiver of a jury trial for a person charged with a capital offense and to the punishment, sentencing, and availability of parole or mandatory supervision for a person convicted of a capital offense. That bill was referred to subcommittee on February 4, 1985, and was never passed. HB 295 related to a defendant's waiver of a trial by jury and to a defendant's right to determine whether the judge or jury shall assess punishment in a criminal case. No action was taken on this bill in committee. Finally, Senate Bill (SB) 647 was filed by Senator Krier and related to a defendant's waiver of a jury trial in a criminal case. That bill was "reported favorably with substitute" on May 15, 1985, yet never was passed.

From the House: April 9, 1991—public hearing
April 25, 1991—formal meeting
May 6, 1991—second reading in House
May 7, 1991—amended, third reading
From the Senate: May 16, 1991—committee hearing
May 24, 1991—Senate floor
May 27, 1991—Senate floor
For details on how to perform legislative history research and obtain such crucial information, see Appendix A in *Dillehey v. State,* 815 S.W.2d 623, 627 (Tex.Crim.App.1991).

In the 70th Legislative Session, Senator Krier again filed a bill relating to a defendant's waiver of a trial by jury in a criminal case.[10] The bill affected Art. 1.13, V.A.C.C.P., and is the most poignant example of the legislature's refusal to amend the rules governing waiver of jury trials in misdemeanor cases. This bill read, in pertinent part:

SECTION 1. Article 1.13, Code of Criminal Procedure, is amended to read as follows:

Art. 1.13. WAIVER OF TRIAL BY JURY. The defendant in a criminal prosecution for any offense classified as a misdemeanor or as a felony less than capital shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that except as provided by Article 27.14(b) or 27.14(c) of this code, such waiver must be made in person by the defendant in writing and must be made in open court with the consent and approval of the court, and the attorney representing the State. The consent and approval by the court shall be entered of record on the minutes of the court, and the consent and approval of the attorney representing the State shall be in writing, signed by him, and filed in the papers of the cause before the defendant enters his plea. Except in the trial of a misdemeanor punishable by fine only, before Before a defendant who has no attorney can agree to waive the jury, the court must appoint an attorney to represent him, unless the defendant knowingly, intelligently, and voluntarily waives the right to representation by counsel.

SECTION 2. Article 27.14(a), Code of Criminal Procedure, is amended to read as follows:

10. For the sake of brevity, I note here that six other bills were introduced during this legislative session which related to the waiver of a jury trial for a person charged with a capital offense and to the punishment, sentencing, and availability of parole and mandatory supervision for a person convicted of a capital offense. Two of these bills originated in the Senate; the other four from the House.

(a) A plea of "guilty" or a plea of "nolo contendere" in a misdemeanor case may be made either by the defendant or his counsel in open court; in such case, the defendant or his counsel may waive a jury as provided by Article 1.13 of this code, and the punishment may be assessed by the court either upon or without evidence, at the discretion of the court.

SECTION 3. Section 2, Article 37.07, Code of Criminal Procedure, is amended by amending Subsection (b) and adding Subsection (d) to read as follows:

(b) In the trial of a felony offense other than a capital offense, the jury shall assess the punishment applicable for the offense unless the defendant requests in writing that the judge assess the punishment and the attorney for the state consents to the request Except as provided in Article 37.071, if a finding of guilty is returned, it shall then be the responsibility of the judge to assess the punishment applicable to the offense, provided, however, that (1) in any criminal action where the jury may recommend probation and the defendant filed his sworn motion for probation before the trial began, and (2) in other cases where the defendant so elects in writing before the commencement of the voir dire examination of the jury panel, the punishment shall be assessed by the same jury. If a finding of guilty is returned, the defendant may, with the consent of the attorney for the state, change his election of one who assesses the punishment.

(d) In the trial of a misdemeanor offense, other than a misdemeanor offense punishable by fine only, if the jury finds the defendant guilty, it shall assess the punishment applicable for the offense unless the defendant requests in writing that the judge assess the punishment and

the attorney for the state consents to the request.

The accompanying bill analysis notes that the purpose of SB 1171 is to "extend[ ] the state's power to require jury sentencing to misdemeanor cases." The section by section analysis states that Section 1 of the bill amends Art. 1.13 to allow a criminal defendant charged with a misdemeanor to waive trial by jury [11], and that such waiver requires the consent and approval of the court and the state. This bill was "reported favorably with substitute" on May 15, 1985, but it was never passed into law.

The 71st Legislature also saw its share of attempts to change the law as to jury waiver in criminal cases. In that legislative session, five bills were introduced without success. It wasn't until the 72nd Legislative Session and HB 9 that the legislature was successful in amending Art. 1.13, and as shown *infra* that change applied only to capital offenses where the State is not seeking the death penalty.[12]

### Conclusion

Today a majority of this Court eradicates our role as interpreters of the law and acts instead as a superlegislature making laws which the legislature has repeatedly rejected and effectuating its own intent rather than that of The Legislature. *Camacho v. State*, 765 S.W.2d 431 (Tex.Crim.App.1989). For this reason, and all of the foregoing reasons, I strongly dissent to the denial of this motion for rehearing.

BAIRD, J., joins this opinion.

MALONEY, J., joins this opinion except for footnote 3.

---

**11.** This right was already afforded to misdemeanor defendants via Art. 27.14. The only real change was making the waiver subject to the approval of the State.

**12.** I pause to point out that the amendment to Art. 1.13 in no way affects the waiver of a jury trial where the accused is subject to punishment of a fine only. Those cases are explicitly gov-

erned by Chapter 45 of the Code of Criminal Procedure, and specifically Art. 45.24 governs the defendant's waiver of a jury. That article provides:

> The accused may waive a trial by jury; and in such case, the justice shall hear and determine the cause without a jury.