IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00133-CR

 

Kesha Latrice Jenkins,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 361st District Court

Brazos County, Texas

Trial Court No. 05-01970-CRF-361

 



ABATEMENT ORDER










 

            Appellant’s
brief is overdue in this appeal.  

 

            Therefore, we abate this appeal to the
trial court to conduct a hearing within 30 days of the date of this Order
pursuant to Texas Rule of Appellate Procedure 38.8(b)(2) and (3).  Tex. R. App. P. 38.8(b)(2), (3).  This
is the third time we have abated this appeal.

            Supplemental Clerk’s and Reporter’s
Records are ordered to be filed within 45 days of the date of this Order.  See
id.

 

                                                                        PER
CURIAM

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

Appeal
abated

Order
issued and filed January 9, 2008

Do
not publish






essence that in a
felony less than capital the defendant has the right to waive his right to trial by jury provided such
waiver is made in person by the defendant in writing in open court with the consent and approval
of the court and the State's attorney.
          However, in the case before us, Appellant is charged with driving while intoxicated with
one previous conviction, which means that Appellant is charged with a misdemeanor. Guinn v.
State (Houston 14th CA 1985) 696 S.W.2d 436, PDR refused. This being the case, we must point
out that our Court of Criminal Appeals has held that in a misdemeanor case, waiver of jury trial
in writing is not necessary, and that an oral waiver of the right to trial by jury is sufficient. Lamb
v. State (Tex.Cr.App. 1966) 409 S.W.2d 418 at p. 420; Samudio v. State (Tex.Cr.App. 1983) 648
S.W.2d 312.
          The record before us contains only a partial statement of facts. In the absence of a
complete statement of facts, we must presume that the record supports the judgment.
          Judgment of the trial court is affirmed.

                                                                                 JOHN A. JAMES, JR.
                                                                                 Justice (Retired)

Before Chief Justice Thomas,
          Chief Justice McDonald (Retired)
          and Justice James (Retired)
Affirmed
Opinion delivered and filed January 24, 1991 
Do not publish