# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-12-00341-CV

**In re David A. Escamilla, Travis County Attorney**

ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

Real party in interest Jeremy Mark Gonzales was charged with four counts of possession of marihuana, one count of possession of a controlled substance, and one count of bail jumping. At a hearing before the trial court, Gonzales stated that he wanted to waive his right to a jury trial and plead guilty to all six charges without having negotiated an agreement with the State. The prosecutor told the trial court that the State did not agree to Gonzales's attempt to waive his right to a jury trial. The trial court asked Gonzales whether he was sure he wanted to enter an unnegotiated plea in each case. Gonzales answered that he did, and the trial court found him guilty and assessed punishment in each cause at thirty days in jail, setting the sentences to run concurrently. Relator David A. Escamilla, Travis County Attorney, then filed this petition for writ of mandamus, complaining that the court should not have accepted Gonzales's waiver of a

jury trial without the State's consent.[1]  *See* Tex. R. App. P. 52.8.  We will conditionally grant mandamus relief in Escamilla's favor.[2]

Article 1.13 of the code of criminal procedure provides that, other than in a capital felony case in which the State will seek the death penalty, a criminal defendant may enter a plea and waive his right to a jury trial as long as the waiver is made "in person by the defendant in writing in open court with the consent and approval of the court, *and the attorney representing the state*."  Tex. Code Crim. Proc. Ann. art. 1.13(a) (West Supp. 2011) (emphasis added).  In other words, before a trial court may accept a defendant's waiver of a jury trial, the prosecutor must agree.  In the underlying cause, however, at the start of the hearing before the trial court, the prosecutor told the court that he believed that Gonzales was "attempting to plead open and go to the judge for punishment in each of these cause numbers.  The state has not waived any right to a jury trial in this case nor have we agreed to any negotiated or un-negotiated pleas in any of these cause numbers. . . . [T]he state has not waived its right to a jury trial in any of these cause numbers."

---

[1]  We requested a response to Escamilla's petition, *see* Tex. R. App. P. 52.4 (appellate court may not grant relief before response has been filed or requested), but Gonzales did not file a response by the deadline we provided or answer in any way our repeated communications related to our request for a response.  However, Escamilla has provided two affidavits from assistant county attorneys stating that Gonzales's attorney had told them he did not plan to file a response.

[2]  Mandamus is appropriate in this case because the State does not have a right to appeal under these circumstances, *see* Tex. Code Crim. Proc. Ann. art. 44.01 (West Supp. 2011), but wishes to complain about the trial court's failure to apply the law correctly, *see In re Olshan Foundation Repair Co., LLC*, 328 S.W.3d 883, 888 (Tex. 2010) (mandamus may issue if trial court abuses discretion and relator lacks adequate remedy on appeal; trial court abuses discretion if it fails to correctly analyze or apply law).

2

Because the State did not agree to Gonzales's desire to plead guilty and waive a jury trial, the trial court had a ministerial duty to conduct a trial on the issue of guilt or innocence. *See State ex rel. Curry v. Carr*, 847 S.W.2d 561, 562 (Tex. Crim. App. 1992). In failing to do so, the trial court misapplied the law and abused its discretion in proceeding to accept Gonzales's pleas, find him guilty, and assess punishment. *See* Tex. Code Crim. Proc. Ann. art. 1.13(a); *Curry*, 847 S.W.2d at 562 (trial court "does not have the discretion to serve as a factfinder in the trial of a misdemeanor case absent the consent and approval of the State . . . to the accused's waiver of jury trial"); *see also State v. Fisher*, 212 S.W.3d 378, 381 (Tex. App.—Austin 2006, pet. ref'd) (because State did not agree to jury waiver, court lacked authority to adjudicate defendant's guilt). We therefore conditionally grant mandamus relief in favor of Escamilla and direct the trial court to vacate its judgments in the six cause numbers. Writ will issue only if the trial court does not act in accordance with this opinion.

_____

David Puryear, Justice

Before Justices Puryear, Henson and Goodwin

Filed: July 10, 2012