The STATE of Texas, Appellant,

v.

Bullet Hoyt Lee WELCH, Appellee.

No. 07–91–0046–CR.

Court of Appeals of Texas,
Amarillo.

May 21, 1991.

Rehearing Overruled June 17, 1991.

Dale Elliott, County Atty., Amarillo, for appellant.

Warren L. Clark, Amarillo, for appellee.

Before REYNOLDS, C.J., and BOYD and POFF, JJ.

BOYD, Justice.

In this proceeding, the State attempts to appeal from an instrument denominated, "Order Declaring Instructed Verdict." It argues that it had the right to bring this appeal pursuant to Texas Code of Criminal Procedure article 44.01(a)(1) (Vernon Supp. 1991).[1] We disagree and dismiss the appeal for lack of jurisdiction.

In two points of error, the State asserts (1) the trial court abused its discretion in denying the State's motion for continuance and thereby effectively dismissed the State's information and complaint; and (2) the trial court was without power to make any determination regarding petitioner's guilt or innocence and therefore had no power to dismiss the case.

Obviously, our first task is to determine if we have jurisdiction to consider this appeal. Historically, the State of Texas had no right of appeal in a criminal case. However, effective November 3, 1987, Article V, section 26 of the Texas Constitution was amended to provide the State with the right to appeal in criminal cases "as authorized by general law." Article 44.01(a)(1) provides the State may appeal a trial court order, if the order "dismisses an indictment, information, or complaint."

The gravamen, then, of the State's argument must be that the trial court order was nothing more than a dismissal of its information. In support of that position, the State contends its primary witness was unavailable due to a higher court's subpoena, "therefore the denial of the State's motion for a continuance effectively terminated

the State's prosecution since no testimony regarding the offense could be presented by the arresting officer."

It is axiomatic that it is the burden of the party seeking review of a trial court order to see that a sufficient record is presented to show error requiring reversal. Tex.R. App.P. 50(d). The attenuated statement of facts in this cause reveals the following colloquy on January 15, 1991, when the case was called for trial on the merits:

The Court: This is cause No. 54,915 the State of Texas versus Bullet Hoyt Lee Welch.

Mr. C—: The defendant is ready, Your Honor.

Ms. B—: Your Honor, the State is not ready at this time.

The Court: Why is the State not ready?

Ms. B—: Your Honor, my witness was called out of town to testify. Trooper Wayne Williams is in Fort Worth testifying. He told the County Attorney's office that he would be returning today at 5:00.

The Court: This case has been set for trial since January 2nd, at which time the State announced ready.

Ms. B—: Yes, Your Honor. The State did not realize he was going to be gone.

The Court: The Court has instructed the County Attorney's office for some months to determine the availability of their witnesses prior to trial.

So, I presume you are asking for an oral Motion for Continuance?

Ms. B—: Yes, Your Honor. I am asking the Court to continue this case.

The Court: It will be denied.

Do you wish to proceed to trial?

Mr. C—(defendant's counsel): Yes, Your Honor.

Subsequent to the colloquy, the trial court requested the State's attorney to read the information. It was read and appellee entered his plea of not guilty.

When the trial court asked the State to call its first witness, he was told the State

---

1. References later made to article numbers are to those articles of the Code of Criminal Proce-
dure unless otherwise specifically designated.

had no witness in the case. The defense then moved for an "instructed verdict" of not guilty which was then granted by the court.

Later the same day, the trial court entered what it denominated as an "Order Declaring Instructed Verdict." The decretal portion of that instrument read as follows:

> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that the Defendant's Motion for Instructed Verdict be granted and the above-styled and numbered cause is hereby dismissed with prejudice.

Article 29.03 provides that a criminal action may be continued upon a written motion of either the State or the defendant "upon sufficient cause shown; which cause shall be fully set forth in the motion." Article 29.04 sets out the requisites of a State's first motion for continuance. Subsection 2 of that article provides that the motion must state the diligence used to procure the witnesses' attendance and specifically states "it shall not be considered sufficient diligence to have caused to be issued, or to have applied for, a subpoena, in cases where the law authorized an attachment to issue."

■ It is clear that the attempted motion falls short of the requirements of articles 29.03 and 29.04 in two obvious aspects. It is not in writing as required by article 29.03. That being the case, the motion was properly overruled since all motions for continuance must be in writing and sworn to. *Smith v. State,* 676 S.W.2d 379, 385 (Tex.Crim.App.1984), *cert. denied,* 471 U.S. 1061, 105 S.Ct. 2173, 85 L.Ed.2d 490 (1985).

■ Moreover, even assuming a written motion was not required, a holding we specifically do not make, article 29.04 states that the issuance of a subpoena, in and of itself, is not a sufficient showing of diligence. The only evidence in this record as to the reason for the absence of the witness is the prosecutorial statement that he was testifying in Fort Worth without any

other explanation. This is not sufficient to comply with the Code requirement.[2]

■ The grant or denial of a motion for continuance lies within the trial court's discretion. *Ewing v. State,* 549 S.W.2d 392, 394 (Tex.Crim.App.1977). Under this record, no abuse of discretion in refusing a continuance is shown.

■ In arguing the court's action was a dismissal within the purview of article 44.-01, the State places primary emphasis upon that portion of the decretal provision reciting that this cause was "dismissed with prejudice." In *State v. Eaves,* 786 S.W.2d 396, 398 (Tex.App.—Amarillo), *aff'd,* 800 S.W.2d 220 (Tex.Crim.App.1990), we held in construing an order of the trial court, regardless of its wording, the controlling factor in our consideration must be the legal effect of the ruling. We adhere to that holding and will apply that rule in this case. *See also State v. Moreno,* 807 S.W.2d 327 (Tex.Crim.App.1991).

Although the order is inartfully drawn, it obviously is intended to carry forward the trial court's action in granting an "instructed verdict." The motion was made after the State's oral motion for continuance was overruled, the information had been read by the State, and appellee had entered his plea to the charge against him. At that point, issue was joined between the State and appellant.

The traditional rule in Texas was that when a defendant pled to the indictment or information was the point at which a defendant was placed in jeopardy. *See, e.g., Vardas v. State,* 518 S.W.2d 826, 827 (Tex.Crim.App.), *cert. denied,* 423 U.S. 904, 96 S.Ct. 206, 46 L.Ed.2d 135 (1975). However, by judicial fiat, in *Crist v. Bretz,* 437 U.S. 28, 37–38, 98 S.Ct. 2156, 2162, 57 L.Ed.2d 24 (1978), the Court held that the Federal Constitution mandated that jeopardy attaches when the jury is sworn in such a case and that mandate is binding upon the States. *See also McElwee v. State,* 589 S.W.2d 455, 459 (Tex.Crim.App.1979). In dicta, the *Crist* Court suggested that jeop-

---

2. As an example of the proper method of successful compliance with the diligence require-

ment of article 29.04 *see State v. Bacon,* 751 S.W.2d 713 (Tex.App.—Tyler 1988, no pet.).

ardy in a bench trial attaches when the first witness is sworn. *Crist*, 437 U.S. at 37 n. 15, 98 S.Ct. at 2152 n. 15.

 However, in the recent case of *State v. Torres*, 805 S.W.2d 418, 421 (Tex. Crim.App.1991), the Court held that jeopardy attached when "both sides have announced ready and the defendant has pled to the charging instrument." Relying upon this statement, the State argues since it did not announce ready at the time the case was called for trial on its merits, the trial was never legally commenced and the trial court could not have found appellee not guilty. We disagree.

To allow the State, even after a motion to continue was legally overruled, to prevent commencement of a trial previously set by the simple device of announcing it was not ready, would be to undermine a trial judge's necessary authority to oversee the proper management of his or her court and the disposition of increasingly crowded dockets. Our reporter series is replete with cases where a defendant has been put to trial after the overruling of a motion for continuance. The test generally applied to determine whether the trial court reversibly erred was whether the trial court abused its discretion in overruling the motion for continuance. *See, e.g.,* cases collated in West's Texas Digest 2nd, Criminal Law §§ 598 et seq. That same test should be applicable in the limited instances where a State is allowed to appeal.

Accordingly, under the facts of this case, the trial court did not abuse its discretion in requiring the trial to commence. We also note the State made no objection at the time the trial court requested the reading of the information and received appellee's plea.

The State also argues that article 1.13 requires a defendant to execute a written waiver of jury trial, meeting requirements set out in that article which include a requirement that the State's attorney approve any such waiver. Since, it posits, no such waiver was executed by this appellee, the trial court was without power to determine appellee's guilt or innocence. We disagree.

 By its terms, article 1.13 applies only to "a felony less than capital." That statute does not apply to a misdemeanor case such as this, and a written waiver of jury trials is not required in such cases. *Schultze v. State,* 626 S.W.2d 89 (Tex.App. —Corpus Christi 1981, pet. ref'd). In this case, both the docket sheet and the court's order recite that appellee waived a jury trial. That oral waiver, coupled with appellee's announcement of ready and plea before the court was sufficient to waive his right to jury trial. *See Lamb v. State,* 409 S.W.2d 418, 420 (Tex.Crim.App.1966).

Additionally, even in cases where article 1.13 is applicable, the State's consent to a jury waiver is not a jurisdictional requisite to the rendition and entry of an otherwise valid judgment. *Shaffer v. State,* 769 S.W.2d 943, 944 (Tex.Crim.App.1989). Under this record, the failure of the State to register its approval of appellee's waiver of a jury trial is not fatal to the court's action.

In sum, we hold the controlling factor in the trial court's action was an intent to find the appellee not guilty and its order was sufficient to do so. We also find the court did not act without its discretion in proceeding to trial and in rendering its verdict. Since the trial court, after a bench trial, found appellee not guilty, we have no jurisdiction to entertain this appeal. Accordingly, we overrule all of the State's points and dismiss its appeal for want of jurisdiction.