Clifford Neal **TOWNSEND**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. A14–92–00244–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 17, 1992.

Rehearing Denied Jan. 7, 1993.

Discretionary Review Granted
April 7, 1993.

Paul Mewis, Houston, for appellant.

Carol M. Cameron, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

Clifford Neal Townsend, the appellant, was charged with the misdemeanor offense of driving while intoxicated. Following a bench trial, the court assessed punishment, enhanced by a prior misdemeanor, at two years confinement, probated for two years, and a $300 fine. In his sole point of error, the appellant asserts his conviction is invalid because he did not waive his right to a jury trial in accordance with TEX.CODE CRIM. PROC.ANN. art. 1.13(a) (Vernon Supp.1992).

Article 1.13(a) provides:

The defendant in a criminal prosecution for any offense other than a capital felony case in which the State notifies the court and the defendant that it will seek the death penalty shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that such waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State. The consent and approval of the court shall be entered of record on the minutes of the court, and the consent and approval of the attorney representing the State shall be in writing, signed by him, and filed in the papers of the cause before the defendant enters his plea.

TEX.CODE CRIM.PROC.ANN. art. 1.13(a) (Vernon Supp.1992). By its plain language, the statute applies to *any* offense other than capital felonies in which the State seeks the death penalty. The appellant argues that since he did not waive his right to a jury in writing and in open court, his conviction must be reversed. The State argues that the Legislature's recent amendment to art. 1.13 was not intended to extend its scope to include misdemeanors.

■ When construing a statute, courts may consider: the object sought to be attained by the statute; the circumstances under which the statute was enacted; legislative history; common law or former statutory provisions; consequences of a particular construction; administrative construction of the statute; and the title (caption), preamble and emergency provision. TEX. GOV'T CODE ANN. § 311.023 (Vernon 1988). These factors may be considered regardless of whether a statute appears ambiguous on its face. *Id.*

Before 1973, capital defendants could waive the right to a jury trial if the State was not seeking the death penalty. However, a 1973 amendment to art. 1.14 eliminated this right. Act effective June 14, 1973, 63 Leg., R.S., ch. 426 art. 3 § 5, 1973

Tex.Gen. Laws 1129; *see also Ex Parte Felton*, 815 S.W.2d 733, 734 n. 1 (Tex.Crim. App.1991); *Ex Parte McKinney*, 688 S.W.2d 559, 560 (Tex.Crim.App.1985); *Ex Parte Bailey*, 626 S.W.2d 741, 742 (Tex. Crim.App.1981). After the 1973 amendment, a capital defendant could not waive the right to a jury trial unless the State reduced the capital murder charge to the lesser included offense of murder. *Ex Parte McLelland*, 588 S.W.2d 957, 959 (Tex.Crim.App.1979). The defendant could also waive a jury trial if the State dismissed the capital murder indictment, and proceeded on an indictment or information for a lesser included offense. *Ex Parte Bailey*, 626 S.W.2d 741, 743 n. 3 (Tex.Crim. App.1981). Otherwise, the capital defendant could not waive his right to a jury trial.

Articles 1.13 and 1.14 were amended in 1991. Before the amendment, art. 1.13(a) applied to criminal prosecutions "for any offense *classified as a felony* less than capital." TEX.CODE CRIM.PROC.ANN. art. 1.13(a) (Vernon 1977) (emphasis added). The statute clearly excluded misdemeanors. Article 1.14 provided that a defendant in a criminal prosecution could waive any rights secured by law except the right of a trial by jury in a capital felony case. TEX.CODE CRIM.PROC.ANN. art. 1.14 (Vernon 1977). The 1991 changes to art. 1.14 restored the language that was removed in 1973, to allow a capital defendant to waive his right to a jury trial if the State is not seeking the death penalty. The Legislature's apparent objective in amending art. 1.13 and 1.14 was to provide for waiver of jury trials in capital cases in which the State does not seek the death penalty, without requiring the State to proceed on a lesser included offense. The caption of H.B. 9 evidences this intent. The caption reads: "[a]n act relating to the waiver of a jury trial for a person charged with a capital offense and to the punishment, sentencing and availability of parole for a person convicted of a capital offense." Act of May 27, 1991, H.B. 9, 72nd Leg., R.S., ch. 652, 1991 Tex. Sess. Law Serv. 2394 (Vernon).

■ House Bill 9 included 13 amendments to the Code of Criminal Procedure and the Penal Code. All of these amendments concern capital felony prosecutions. Section 15 of H.B. 9 states that the changes to art. 1.13 and 1.14 apply "to the trial of a *capital offense* that commences on or after the amendment's effective date. Following the guidelines of statutory construction listed in TEX.GOV'T CODE ANN. § 311.023, we believe the amendment was not intended to require written waivers of jury trials in misdemeanor cases. However, the Court of Criminal Appeals recently held that art. 1.13 applies to misdemeanor offenses. *State ex. rel. Curry v. Carr*, 847 S.W.2d 561 (Tex.Crim.App.1992) (orig. proceeding). In accordance with that opinion, we must consider the appellant's point of error.

■ The State argues that the record does not affirmatively show the clerk was requested to include the waiver in the transcript. Rule 51 requires the clerk of the trial court to include "any written waivers" in the transcript on appeal. TEX.R.APP.P. 51(a). The burden is on the appellant, however, to see that a sufficient record is presented to show error requiring reversal. TEX.R.APP.P. 50(d), 53(k). No written waiver was included in the original transcript. The appellant did request the clerk to include proof in a supplemental transcript that the records had been searched and no waiver existed. The record sufficiently reflects that no written waiver existed.

■ Relying on *Breazeale v. State*, the State argues that the judgment recital is presumed to be correct. 683 S.W.2d 446, 450 (Tex.Crim.App.1984) (on rehearing). We agree. The judgment recital in this case stated in part that the defendant "appeared in person ... [and represented by counsel] ... and both parties announced ready for trial. The defendant was arraigned, the defendant knowingly, intelligently, voluntarily and expressly waived trial by jury, and in open court pleaded as indicated above." Even presuming the recital is correct, it does not state that the defendant waived the right to a jury trial in writing. The judgment in *Breazeale* stated

that the defendants "in person and in writing, in open court, having waived [their] right of trial by jury ..." *Id.* at 449. The defendants in *Breazeale* relied solely on the fact that the signed waivers were not included in the transcripts. They never suggested they had not waived their right to a jury trial. Under those facts, the defendant failed to overcome the presumption that the judgment recitals were accurate. *Id.* at 451.

■ In this case, the judgment recital does not meet the requirements of a valid waiver as specified in TEX.CODE CRIM.PROC. ANN. art. 1.13(a) (Vernon Supp.1992). It did not raise a presumption that the appellant waived his right to jury trial in accordance with art. 1.13. In fact nothing in the record indicates the appellant waived his right of trial by jury pursuant to art. 1.13(a). The appellant's acquiescence in proceeding to trial without a jury does not constitute a waiver. *Samudio v. State*, 635 S.W.2d 183, 185 (Tex.App.—Houston [1st Dist.] 1982), *aff'd*, 648 S.W.2d 312 (Tex.Crim.App.1983), *cert. denied*, 462 U.S. 1132, 103 S.Ct. 3113, 77 L.Ed.2d 1368 (1983). Following the court of criminal appeals recent decision, we find the trial court erred by failing to obtain a written waiver in accordance with art. 1.13. We sustain the appellant's point of error.

■ Nonetheless, we hold the error was harmless beyond a reasonable doubt. The appellant testified in his motion for new trial that he never waived his right to a jury trial in writing. He admitted that he knew he was entitled to a jury trial, but accepted the advice of his attorney and proceeded to trial without a jury. Furthermore, the judgment states that he knowingly, intelligently, voluntarily and expressly waived trial by jury. While the recital does not satisfy the requirements of art. 1.13, it does satisfy the constitutional requirements for a valid waiver. *See Breazeale*, 683 S.W.2d at 452 (Clinton, J., concurring) (although waiver did not comply with art. 1.13, constitutional requirements of a knowing and voluntary waiver were met). Under the facts of this case, we find the error was harmless. Accordingly, we affirm the conviction.