Coons v. State 

















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-344-CR

     STEVEN ROBERT COONS,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the County Court
Freestone County, Texas
Trial Court # 16,827
                                                                                                    

O P I N I O N
                                                                                                    

      After a bench trial, the court found Steven Coons guilty of misdemeanor driving while
intoxicated (DWI) and assessed punishment of 180 days in the county jail, probated for two years,
and a fine of $750, of which $350 was probated. Tex. Penal Code Ann. § 49.04 (Vernon
1994). Coons brings two points of error, complaining that the court erred in failing to obtain a
written waiver of his right to a trial by jury and also in admitting evidence of his refusal to submit
to a "breath test." We will reverse and remand.
      Coons' appointed attorney filed his first brief in this matter asserting "that no reversible error
is reflected by the record [and] the appeal is without merit and frivolous." The brief contained the
following explanation:
 I was informed that possible ground for reversal might exist due to the fact that Mr.
Coon's waiver of his right to a trial by jury was oral instead of written as required by
Article 1.13 of the Texas Code of Criminal Procedure. However, research indicated that
in light of the fact that Mr. Coon's case is a misdemeanor, Article 1.13 does not appear
to be applicable, State v. Welch, 810 S.W.2d 13, 16 (Tex. App.—Amarillo 1991, no
pet).
      We disagreed with counsel's evaluation of the merits of this appeal and ordered him to re-brief. See Tex. R. App. P. 55(c); Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d
493 (1967); Johnson v. State, 885 S.W.2d 641 (Tex. App.—Waco 1994) (interlocutory order). 
      Coons filed a second brief which addressed the merits, but the State did not.


 Coons' brief
directed the court to State ex rel. Curry v. Carr, 847 S.W.2d 561, 562 (Tex. Crim. App. 1992),
in which the Court of Criminal Appeals held that article 1.13 of the Code of Criminal Procedure
applied to misdemeanor offenses as well as felonies.


 Specifically, article 1.13's requirement that
a defendant execute a writing to properly waive his right to a trial by jury has been applied to a
misdemeanor DWI offense, and the failure to obtain his written waiver is not subject to a harm
analysis. Townsend v. State, 865 S.W.2d 469, 469-70 (Tex. Crim. App. 1993).
      The record contains no evidence that Coons' waiver of his right to a jury trial was given by
him, in writing, in open court, and accepted by the court and the State's attorney. Tex. Code
Crim. Proc. Ann. art. 1.13 (Vernon Supp. 1995). Therefore, the court committed reversible
error in trying Coons without securing his written jury waiver. Townsend, 865 S.W.2d at 470. 
Point one is sustained. We therefore do not reach Coons' evidentiary point regarding the court's
admission of evidence that he refused to submit to the breath analysis.
      The case is reversed and remanded for a new trial. 
 
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Reversed and Remanded
Opinion delivered and filed December 6, 1995
Do not publish