TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-95-00546-CR

Khaled Rasem Qandalji, Appellant

v.

The State of Texas, Appellee

FROM THE COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY

NO. 403,601, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING

PER CURIAM

 The county court at law found appellant guilty of assault and assessed punishment
at incarceration for one year and a $2000 fine. The court suspended imposition of sentence and
placed appellant on community supervision.

 In a single pro se point of error, appellant contends the court erred by proceeding
to trial without securing appellant's written waiver of trial by jury. State ex rel. Curry v. Carr,
847 S.W.2d 561 (Tex. Crim. App. 1992); Townsend v. State, 865 S.W.2d 469 (Tex. Crim. App.
1993); Tex. Code Crim. Proc. Ann. art. 1.13(a) (West Supp. 1996). The State contends appellant
has not adequately briefed this point. After stating the point of error, appellant cites the statute
and four opinions, including Curry v. Carr and Townsend, that are directly on point. Given the
nature of the error, we believe that appellant's brief contains a discussion of facts and authorities
requisite to maintain the point at issue. Tex. R. App. P. 74(f).

 The judgment recites that appellant waived trial by jury. It does not state,
however, that this waiver was in writing. As another opinion cited by appellant holds, this recital
is not sufficient to support a presumption of compliance with article 1.13(a). Chaouachi v. State,
870 S.W.2d 88, 94 (Tex. App.--San Antonio 1993, no pet.). The State concedes that article
1.13(a) was violated. In such a case, reversal is mandatory. Townsend, 865 S.W.2d at 470. The
point of error is sustained.

 The judgment of conviction is reversed and the cause is remanded to the county
court at law for a new trial.

Before Justices Powers, Jones and B. A. Smith

Reversed and Remanded

Filed: March 27, 1996

Do Not Publish