Affirmed and Opinion filed October 9, 2003









Affirmed
and Opinion filed October 9, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-97-01398-CR

____________

 

EX PARTE ERIC BRYAN SCHMIDT, Appellant

 

 

 



 

On Appeal from the County Criminal Court at
Law No. 3

Harris County, Texas

Trial Court Cause No. 97-37145

 



 

M
E M O R A N D U M   O P I N I O N   O N  
R E M A N D

Appellant
appeals the denial of his application for writ of habeas corpus.  The trial court denied appellant=s
application on September 23, 1997.  On
original submission, this court dismissed for want of jurisdiction.  Schmidt v. State, 1999 WL 144817 (Tex.
App.CHouston
[14th Dist.] March 18, 1999) (not designated for
publication).  The Court of Criminal
Appeals found this court has jurisdiction and remanded for consideration of the
merits of appellant=s application.  Ex parte
Schmidt, 109 S.W.3d 480 (Tex. Crim. App.
2003).








Appellant
entered a plea of guilty to the misdemeanor offense of driving while
intoxicated on July 18, 1983.  No appeal
was taken from that conviction.  On
September 4, 1997, appellant filed an application for writ of habeas corpus
collaterally attacking the conviction on the grounds that he did not
voluntarily, knowingly, and intelligently waive his right to a jury trial or to
an attorney.  The trial court denied
relief.

In
a single issue, appellant contends the trial court erred in denying relief
because he never voluntarily, knowingly and intelligently waived his right to
trial by jury.  At the hearing on
appellant=s application, appellant testified
that he did not waive his right to an attorney, nor did he waive his right to a
jury trial.  He testified that if he had
known of his right to a jury trial, he would have requested one.  Kenneth Olive, the court reporter for the
trial judge who took appellant=s plea in 1983, testified that the
trial judge, as a regular practice, admonished defendants as to their right to
an attorney and the repercussions of a jury waiver.

At
the time of appellant=s 1983 plea, misdemeanor jury
waivers were not required to be in writing. 
See State v. Welch, 810 S.W.2d
13, 16 (Tex. App.CAmarillo
1991, no pet.).  The 1983 judgment
recites that appellant Aknowingly, intelligently,
voluntarily, and expressly waived trial by jury.@ 
That recitation is binding in the absence of direct proof of its
falsity.  Johnson v.
State, 72 S.W.3d
346, 349 (Tex. Crim. App. 2002).  The only evidence appellant produced in
support of his application was his own testimony that he did not waive his
right to a jury trial.  The testimony of
the defendant alone is insufficient to rebut the presumption of regularity in
the judgment.  Reeves v. State,
500 S.W.2d 648, 649 (Tex.
Crim. App. 1973); Brown v. State, 917 S.W.2d 387, 390 (Tex. App.CFort Worth 1996, pet. ref=d).  Therefore, appellant has failed to overcome
the presumption of regularity in the judgment. 
Appellant=s sole issue is overruled.

The
judgment of the trial court is affirmed.

 

PER CURIAM

Judgment rendered and Opinion filed
October 9, 2003.

Panel consists of Justices Edelman,
Frost, and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).